FILED

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

2004 MAY -5 A 10: 29

U.S. DISTRICT COURT
BRIDGEPORT, CONN

| | |
|---|---|
| MARK G. RAFFERTY, | CIVIL ACTION NO. |
| PLAINTIFF, | 3:01CV1739(WWE) |
| v. | |
| NEW HAVEN BOARD OF EDUCATION, | |
| DEFENDANT. | May 4, 2004 |

### REVISED FORM 26 (F) REPORT OF PARTIES' PLANNING MEETING

Date Complaint Filed:            September 10, 2001

Date Complaint Served:           October 3, 2001

Date of Defendant's Appearance:  March 15, 2002

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 38, conferences were held on May 29, 2002, June 20, 2002 and May 4, 2004. The participants were:

Gary Phelan for plaintiff, Mark G. Rafferty.

Martin S. Echter for defendant, New Haven Board of Education.

I.  **CERTIFICATION**

The undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving settlement or other resolution of the case and have developed the following proposed case management plan. Counsel further certifies that they have forwarded a copy of this report to their clients.

## II. JURISDICTION

### A. SUBJECT MATTER JURISDICTION

This court has federal question jurisdiction. Plaintiff also claims supplemental jurisdiction.

### B. PERSONAL JURISDUCTION

The court has personal jurisdiction over both parties, as they both reside in Connecticut.

## III. BRIEF DESCRIPTION OF CASE

### A. CLAIMS OF PLAINTIFF

The plaintiff, Mark Rafferty, has filed claims under: (1) Title II of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12131-34; (2) Section 504 of the Federal Rehabilitation Act of 1973, as amended, 29 U.S.C. §794 ("Section 504").

### B. CLAIMS OF DEFENDANTS

i. Plaintiff was unable or unwilling to perform essential functions of his job;

ii. Plaintiff was terminated for cause;

iii. Plaintiff was provided with reasonable accommodations for his reported disability.

iv. Plaintiff did not have a "disability" as defined by relevant law.

## IV. STATEMENT OF UNDISPUTED FACTS

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are undisputed:

1. Defendants employed the plaintiff as a teacher at the Sheriden Academy of Excellence.

## V. CASE MANAGEMENT PLAN

### A. STANDING ORDER ON SCHEDULING IN CIVIL CASES

2

The parties request modification of the deadlines in the Standing Order on Scheduling Civil Cases as follows.

B. **SCHEDULING CONFERENCE WITH COURT**

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

C. **EARLY SETTLEMENT CONFERENCE**

1. The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.

2. The parties do not request an early settlement conference.

3. The parties prefer a settlement conference with a magistrate.

4. The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 36.

D. **DISCOVERY**

1. The parties anticipate that discovery will be needed on the following subjects:

   a. Nature and extent of the plaintiff, Mark Rafferty's, alleged disability and perceived disability.

   b. Plaintiff's work performance.

   c. Defendant's knowledge of plaintiff's medical condition.

   d. Plaintiff's damages, including the amount of wages and benefits lost by the plaintiff and whether the plaintiff has mitigated his damages in accordance with applicable law.

   e. The nature and extent of the physical and emotional distress and loss of enjoyment of life suffered by the plaintiff.

    f.  Whether the plaintiff requested any accommodations for his disability.

    g.  Whether the defendant provided the plaintiff with reasonable accommodations for his disability.

    h.  All of the facts and circumstances related to the allegations that plaintiff asserts in his complaint.

    i.  Plaintiff's medical history.

    j.  Plaintiff's mitigation of damage.

    k.  Facts and circumstances relating to the defendant's defenses.

  2.  All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4) will be completed by August 31, 2004.

  3.  Discovery will not be conducted in phases.

  4.  The parties anticipate that the plaintiffs will require a total of five (5) dispositions of fact witnesses and that the defendants will require a total of five (5) depositions of fact witnesses.

  5.  The parties will request permission to serve more than twenty-five (25) interrogatories.

  6.  Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 16(a)(2) by July 1, 2004. Depositions of any such experts will be completed by August 1, 2004.

  7.  Defendant intends to call expert witnesses at trial. Defendant will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by August 1, 2004. Depositions of any such experts will be completed by August 31, 2004.

  8.  A damages analysis will be provided by any party who has a claim or counterclaim for damages by July 1, 2004.

G. **DISPOSITIVE MOTIONS**

Dispositive motions will be filed on or before October 15, 2004.

H. **JOINT TRIAL MEMORANDUM**

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Case will be filed by January 15, 2005 or within thirty (30) days of the date the Court rules on any dispositive motions.

## VI. TRIAL READINESS

The case will be ready for trial by March 1, 2005. As officers of the court, undersigned counsel agrees to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

PLAINTIFF,

MARK G. RAFFERTY

By: *(signature)*
Gary Phelan (CT 03670)
Gary Phelan, L.L.C.
433 South Main Street, Suite 117
West Hartford, CT 06110
(860) 313-5005


DEFENDANTS,

NEW HAVEN BOARD OF
EDUCATION

By: *(signature)*
Martin S. Echter (CT 07596)
Deputy Corporation Counsel
165 Church Street, 4th Floor
New Haven, CT 06510
(203) 946-7964