**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| MARK G. RAFFERTY | : | CIVIL ACTION NO. |
| Plaintiff | : | 3:01 cv 1739 (WWE) |
| | : | |
| vs. | : | |
| | : | |
| NEW HAVEN BOARD OF EDUCATION | : | |
| Defendant | : | May 6, 2005 |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT'S MOTION FOR DISMISSAL**

I.   Preliminary Statement of Facts

The Plaintiff filed a two count complaint dated September 10, 2001 in which he asserts that the defendant violated Title II of the Americans With Disabilities Act of 1990, 42 U.S.C. Section 12131-34 and Section 504 of the Federal Rehabilitation Act of 1973, 29 U.S.C. Section 794. While the parties have exchanged written discovery responses, the defendant has been unable to take the deposition of the plaintiff. The defendant has been diligent in its efforts to take the plaintiff's deposition. The deposition has been noticed for the following dates: January 27, 2005 (Exhibit A); February 8, 2005 (see Exhibit B); March 2, 2005 (see Exhibit C); March 31, 2005 (see Exhibit D); and May 3, 2005 (see Exhibit E).

The most recent cancellation and re-notice of deposition occurred after the March 9, 2005 status conference. At that conference, the Court granted the plaintiff's motion for an extension of time to give the plaintiff one last chance to make himself available for his deposition to be taken. Accordingly, plaintiff's deposition was duly re-noticed for May 3, 2005. Despite what we understand to be reasonable efforts on the part of plaintiff's

1

counsel to contact the plaintiff, plaintiff nonetheless failed to appear for his May 3, 2005 deposition, the fifth time the plaintiff's deposition was noticed. See transcript from deposition of May 3, 2005, attached as Exhibit F.

The repeated failure of the plaintiff to appear for his deposition requires the matter be dismissed.

II.     Standard

"The sanction of dismissal is intended to be both a punishment for the offender and a deterrent to others." Atkins vs. United States, 816 F.2d 1580, 1582 (1987), quoting National Hockey League vs. Metropolitan Hockey Club, Inc., 427 U.S. 639, 643 (1976). "Ordinarily, it is applied in those cases where a party is explicitly ordered by the court to provide discovery but the party fails to respond in a proper or timely manner." Id. "Yet, a direct order by the court, as Rule 37(a)&(b) requires, it is not a necessary predicate to imposing penalties under Rule 37(d). Al Barnett & Sons, Inc. vs. Outboard Marine Corp., 611 F.2d 32, 35 (3d cir. 1979) (repeated failure to answer interrogatories as directed and refusal to appear for depositions warranted dismissal with prejudice). The plaintiff "cannot be permitted to frustrate discovery by refusing to comply with a proper request. For courts to permit litigants to disregard the responsibilities that attend to the conduct of litigation would be tantamount to encouraging dilatory tactics." Id. "Moreover, with the increasingly complex and numerous cases that comprise the federal docket, courts can no longer indulge the deliberate technical intransigents. . .response or for the interim interminable

2

delays and costs that plague. . .lawsuits to the detriment of both opponent and non-opponent litigants." Id., at 36; quoting in part Cine 42nd Street Theatre vs. Allied Artists, 602 F.2d 1062, 1067 (2d Cir. 1979).

III.   Discussion

In this case the defendant has properly noticed the plaintiff's deposition five times. On each occasion, the plaintiff has either cancelled or failed to appear for his deposition. In each instance, including the most recent, the defendant has re-noticed the deposition. The failure of the plaintiff to appear is inconsistent with the requirements of Rule 37(d) and warrants dismissal of the instant action. While the court did grant the plaintiff's motion for extension of time so that the deposition of the plaintiff could be taken, the failure of the plaintiff to appear at such deposition thereafter is tantamount to a refusal to comply with the court order and worthy of dismissal.

Rule 41(b) reads in pertinent part as follows:  For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant.  Fed. R. Civ. P. 41(b).

The failure of the plaintiff to appear at his deposition and allow for the conclusion of discovery is reflective of a failure to prosecute under Rule 41(d).  Should the court not grant the motion to dismiss under the provisions of Rule 37(b), it should dismiss the case based on the plaintiff's obvious failure to prosecute his claim.

III.     Conclusion

     For all the foregoing reasons, defendant respectfully requests the court to grant its motion to dismiss all claims.

>THE DEFENDANT
>NEW HAVEN BOARD OF EDUCATION
>
>BY:    //s//
>     Floyd J. Dugas Esq.
>     Berchem, Moses & Devlin, P.C.
>     75 Broad Street
>     Milford, CT  06460
>     (203) 783-1200
>     Fed. Bar #Ct16270
>     Its Attorneys

**CERTIFICATION**

This is to certify that a copy of the foregoing was mailed this date, first class mail, postage prepaid, to the following:

Martin J. Echter, Esq.
Office of Corporation Counsel
165 Church Street
New Haven, CT  06510

Tammy Marziglilano, Esq.
Klebanoff & Phelan, P.C.
433 S. Main Street, Suite 117
West Hartford, CT  06110

Gary Edward Phelan, Esq.
Outten & Golden
Four Landmark Square, Suite #201
Stamford, CT 06901

                                                          __//s//_____
                                                          Floyd J. Dugas, Esq.